LAW OFFICE OF
**PETER A. ROMERO**

Peter A. Romero
promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

Hon. Joan M. Azrack, U.S.D.J.  
United States District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, New York 11722

August 17, 2022

      Re:    *Brian Jackson v. Ferguson Enterprises, LLC*  
              Docket No.: 22-cv-03372 (JMA) (ST)

Dear Judge Azrack:

      This firm represents the Plaintiff in this action, which alleges that Defendant failed to timely pay him and a putative class their wages "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned" as required by New York Labor Law ("NYLL") § 191.[1] We write in response to Defendant's request for a pre-motion conference.

      First, Defendant contends that Plaintiff alleges only a statutory violation and fail to allege a concrete injury to assert standing. Federal courts applying *Vega v. CM and Associates Construction Management, LLC*'s holding, however, have reasoned that a late payment of wages is itself a concrete harm constituting a "sufficient injury in fact to establish Article III standing." *Elhassa v. Hallmark Aviation Servs., L.P.*, 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022); *Gillett v. Zara USA, Inc.*, 2022 WL 3285275, at *5-7 (S.D.N.Y. 2022) (denying motion to dismiss and finding sufficient injury to state a concrete harm for standing based solely on temporary deprivation of money due to delayed payment of wages under NYLL § 191); *Rodriguez v. Williams-Sonoma, Inc.*, Docket No. 22-cv-02436 (E.D.N.Y. Aug. 5, 2022) (transcript of oral ruling available upon request) (same); *Caul v. Petco Animal Supplies, Inc.*, Docket No. 20-cv-03534, at *2 (E.D.N.Y. Dec. 22, 2021) (denying request for interlocutory appeal because "[t]here is not ground for substantial difference of opinion about whether the temporary deprivation of money to which a plaintiff has a right is a sufficient injury to establish standing"); *Caul v. Petco Animal Supplies, Inc.*, 2021 WL 4407856 (E.D.N.Y. Sept. 27, 2021) (holding that that defendant's similar "argument fails to persuade" because "the late payment of wages is a concrete harm"). These courts unequivocally rejected Defendant's arguments made here and held that a Plaintiff states sufficient injury for standing for a NYLL § 191 claim based on a temporary deprivation of money caused by an employers' failure to pay wages within the timeframes required by NYLL § 191.[2]

---

[1] NYLL § 191(1)(a) requires that manual workers be "paid weekly and not later than seven calendar days after the end of the week in which wages are earned." Here, Defendant paid Plaintiff's wages bi-weekly pursuant to a company-wide payroll scheme, rather than paying him weekly as required by NYLL § 191(1)(a).

[2] The *Caul* Court held: "Defendants ... complain in their certification motion that plaintiff did not 'allege a 'lost time value of money' injury in her complaint,' ... [b]ut the complaint alleges the facts necessary to establish that plaintiff suffered that injury. Specifically, it alleges that throughout plaintiff's employment, defendants paid her on a bi-weekly basis, instead of 'within seven calendar days after the end of the week in which ... wages were earned,' as she alleges was required by law ... Those allegations are adequate to plead that she was deprived of the time value of her money during periods in which payment was illegally delayed." Docket No. 20-cv-03534, at *2 (E.D.N.Y. Dec. 22, 2021).

LAW OFFICE OF PETER A. ROMERO PLLC   ·   LABOR AND EMPLOYMENT LITIGATION

490 Wheeler Road, Suite 250, Hauppauge, New York 11788   ·   (631) 257-5588   ·   overtimelawny.com

Behind Defendant's argument that Plaintiff did not suffer a concrete injury is its failure to apprehend *Vega*'s holding that delayed wages constitute an underpayment of wages and monetary harm. *See Vega v. CM and Assocs. Constr. Mgmt., LLC*, 107 N.Y.S.3d 286, 287-288 (1st Dep't 2019) (holding that an employee suffers an "underpayment" of wages "the moment that an employer fails to pay wages in compliance with section 191(1)(a)); *Caul*, 2021 WL 4407856, at *3-4 (quoting *Vega*, 107 N.Y.S.3d 289; and quoting *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010)) (recognizing that the failure to pay wages on a timely basis under NYLL § 191 creates a harm that is particularly "acute for those workers 'who are generally dependent upon their wages for sustenance.'" and holding that "'[e]very day that a sum of money is wrongfully withheld, its rightful owner loses the time value of the money.'"); *Gillett*, 2022 WL 3285275, at *6 (citing *Vega*, 107 N.Y.S.3d 288) ("This temporary withholding of money to which Plaintiff was owed – an injury Plaintiff purportedly suffered every pay period he worked for Defendants – is a concrete, economic harm. Framed differently, each time Plaintiff received late compensation for the work he performed, Defendants underpaid him for the work he performed."). Accordingly, the Complaint's allegations that Plaintiff was not paid his wages timely – and even specifically alleges that he suffered a temporary deprivation of his wages earned – is clearly sufficient to establish Article III standing. Nevertheless, Plaintiff is prepared to amend his Complaint to amplify his allegations in this respect, if necessary. Should the Court be inclined to grant Defendant's request for a pre-motion conference, which it should not do based on the prevailing case law, Plaintiff respectfully requests that the conference be held after an Amended Complaint is filed. *See Elhassa*, 2022 WL 563264, at *2 ("Even if Plaintiff's allegations currently are on the light side and do not contain detail on how the late payment specifically harmed her, Plaintiff has represented that she is prepared to amend her complaint, and the Court thus cannot say at this stage that Defendant has substantial grounds for dismissal on the basis of standing.").

Second, despite a plethora of case law explicitly discrediting and rejecting its arguments, Defendant attempts to argue that there is no private right of action for violations of NYLL § 191. Defendant is wrong. The Appellate Division, First Department resolved this question in *Vega* by ruling that an express private right of action exists – and that, even if that were not so, an implied private right of action would also exist – for violations of NYLL § 191, including in the event of the late payment of wages, and that liquidated damages for late paid wages under NYLL § 198 is the appropriate remedy. 107 N.Y.S.3d at 287-288 (citing *Gottlieb v. Kenneth D. Laub & Co.*, 82 N.Y.2d 457, 463 (1993)); *see also Phillips v. Max Finkelstein, Inc.*, 73 Misc. 3d 1, 4 (App. Term. 2021) (citing *Vega v. CM and Assocs. Constr. Mgmt., LLC*, 107 N.Y.S.3d 286 (1st Dep't 2019)) (appellate court within Appellate Division's Second Department recognizing *Vega* as the sole Appellate Division authority to squarely address whether a private right of action exists and following *Vega*).[3]

Critical to this matter, federal courts must follow decisions of the New York Court of Appeals on questions of New York law. *McCarthy v. Olin Corp.*, 119 F.3d 148, 153 (2d Cir. 1997).

---

[3] *Vega* explained that, "[c]ontrary to defendant's argument, the term underpayment encompasses the instances where an employer violates the frequency requirements of section 191(1)(a) but pays all wages due before the commencement of an action…The word underpayment is the noun for the verb underpay; underpay is defined as 'to pay less than what is normal or required.'" 107 N.Y.S.3d at 288. Thus, because "[t]he moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required," Plaintiff has a claim under NYLL § 191 regardless of whether he was paid all wages owed prior to the commencement of the action.

"In the absence of a New York Court of Appeals decision, an Appellate Division decision interpreting New York law is instructive as to what the New York Court of Appeals would hold." *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 1995 WL 731620, at *1 (S.D.N.Y. Dec. 8, 1995); *Argentina v. Emery World Wide Delivery Corp.*, 167 F.R.D. 359, 361 (E.D.N.Y. 1996) (citing *Erie R. Co. v. Tompkins, 304 U.S. 64 (1938))* (federal courts must apply state substantive law); *In re Curb Serv. Laundry & Dry Cleaning*, 145 F.2d 756 (2d Cir. 1944) (federal courts must follow highest court of a state when construing a state statute). When the New York Court of Appeals has not authoritatively decided an issue, a state intermediate appellate ruling should not be "disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Phila. Indem. Ins. Co. v. Indian Harbor Ins. Co.*, 434 F. Supp. 3d 4, 10 (E.D.N.Y. 2020); *Blue Cross & Blue Shield of New Jersey, Inc. v. Philip Morris USA Inc.*, 344 F.3d 211, 221 (2d Cir. 2003); *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 134 (2d Cir. 1999); *Rodrigue v. Lowe's Home Centers, LLC*, 2021 WL 3848268, at *5 (E.D.N.Y. Aug. 27, 2021) (quoting *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010)) (noting a "federal court 'is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion.'"). The New York Court of Appeals has not decided the question at issue here. Therefore, this Court must follow *Vega*, since it is the only Appellate Division ruling squarely on point.

Since *Vega*, a surfeit of decisions by federal courts, as well as New York's Appellate Term, Second Department, have uniformly followed *Vega* and ruled that a private right of action exists for NYLL § 191 claims.[4] There is simply no legitimate basis for any ruling that is contrary to *Vega*. Thus, this Court, like every federal Court since *Vega*, must reject Defendant's arguments.

---

[4] *See, e.g., Gillett v. Zara USA, Inc.*, 2022 WL 3285275, at *11-12 (S.D.N.Y. 2022) (finding a private right of action exists under NYLL § 191 by applying *Vega* as the highest state court authority and rejecting defendant's reliance on pre-*Vega* authority); *Caul*, Docket No. 20-cv-03534, at *2 (E.D.N.Y. Dec. 22, 2021) (denying request for interlocutory appeal because "[t]here is not substantial ground for a difference of opinion as to the availability of a private right of action for delayed waged payments" under NYLL § 191); *Elhassa*, 2022 WL 563264, at *2 (quoting *Vega*, 107 N.Y.S.3d 288) (rejecting argument that NYLL § 191 lacks a private right of action and noting "*Vega* did not hold that a private right of action was implied for the late payment of wages. It concluded that the NYLL 'expressly provides a private right of action for [the late payment of wages].'"); *Nuno Carrera v. DT Hosp. Grp.*, Docket No. 19-CV-4235 (RA), D.E. 69 at Pgs. 23-29 (S.D.N.Y. Nov. 1, 2021) (finding a private right of action exists under NYLL § 191, acknowledging *Vega* is governing authority as the highest and sole appellate court to address these issues, and awarding liquidated damages for late paid wages and for tips and gratuities remitted more than seven days after being earned); *Caul*, 2021 WL 4407856, at *2-4 (collecting cases) (holding that "[s]ince *Vega*, every court in this Circuit to consider that decision appears to have followed its construction of the New York Labor Law" and there is no cogent reason not to follow *Vega* and these subsequent decisions); *Rodrigue*, 2021 WL 3848268, at *2, 4-6 (collecting cases) (same); *Caccavale v. Unisys Corp.*, Docket No. 20-cv-00974 (GRB) (AKT) (E.D.N.Y. Feb. 2, 2021) (denying motion to dismiss NYLL § 191 claims, finding a private right of action exists under NYLL § 191, and denying request for interlocutory appeal because there is no "substantial grounds for difference of opinion" as district courts have consistently found "that late payment of wages is a violation of Section 191 of NYLL for which there is a private right of action and [affords] remedies utilizing the damages provision at Section 198" which provides for liquidated damages); *Beh v. Cmty. Care Companions Inc.*, 2021 WL 3914297, at *2 (W.D.N.Y. Feb. 1, 2021) (citing *Vega v. CM and Assocs. Constr. Mgmt., LLC*, 107 N.Y.S.3d 286 (1st Dep't 2019)); *Mabe v. Wal-Mart Assocs., Inc.*, 2021 WL 1062566, at *5 (N.D.N.Y. Mar. 18, 2021); *Sorto v. Diversified Maint. Sys., LLC*, 2020 WL 7693108, at *2-3 (E.D.N.Y. Dec. 28, 2020) (overruling the defendant's objection contending that the magistrate judge erred in relying on *Vega* to conclude that NYLL § 198 provides a private right of action for a violation of NYLL § 191); *Sorto v. Diversified Maint. Sys., LLC*, 2020 WL 8413553, at *1 (E.D.N.Y. Nov. 15, 2020) (denying motion to dismiss and relying on *Vega*'s determination that NYLL § 198 provides a private right of action for a violation of NYLL § 191); *Quintanilla v. Kabco Pharms.*, Docket No. 19-cv-6752 (PKC) (CLP) (E.D.N.Y. Apr. 17, 2020) (same, and overruling pre-*Vega*

                                                   Respectfully submitted,

                                                   */S/ Peter A. Romero*
                                                   PETER A. ROMERO, ESQ.

CC:    All Counsel of Record via ECF

---

precedent known as *Coley v. Vannguard Urban Improvement Ass'n*, 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 27, 2018), which Defendant relies upon here, that reached a contrary conclusion); *Duverny v. Hercules Med. P.C.*, 2020 WL 1033048, at *6 (S.D.N.Y. Mar. 3, 2020) (denying defendant's motion for summary judgment as to plaintiff's NYLL § 191 claims); *Scott v. Whole Foods Market Group, Inc.*, Docket No. 18-cv-86 (SJF) (AKT), D.E. 58 (E.D.N.Y. Feb. 5, 2020) (affirming the courts' prior ruling denying defendant's motion to dismiss NYLL § 191 claims, and describing *Vega* as the "lone decision from an intermediate court [that] is factually analogous"); *see Phillips*, 73 Misc. 3d at 4 (following *Vega*); *Nuno Carrera v. DT Hosp. Grp.*, 2021 WL 1164181, at *5 (S.D.N.Y. Mar. 26, 2021) (finding violation of NYLL § 191 where plaintiffs' wages earned and their credit card tips and gratuities were not paid weekly); *Rojas v. Hi-Tech Metals, Inc.*, 2019 WL 4570161, at *3 (Sup. Ct. Queens Cnty. Sept. 11, 2019) (denying defendant's motion to dismiss NYLL § 191 claims, and reasoning that affording a private right of action is consistent with the holding of the Court of Appeals in *Gottlieb v. Kenneth D. Laub & Co., Inc.*, 82 N.Y. 2d 457 (1993)); *see also* N.Y. Dep't of Labor Counsel Op. Letter, RO-10-0003, Oct. 28, 2010, at *3-4 (Department of Labor finding a private right of action exists for employees in addition to any administrative remedy).